## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## DELTA DIVISION

**GALACTIC HOLDINGS LLC**                                                **PLAINTIFF**

**v.**                                  **Case No. 2:25-cv-66-JM**

**ST ENGINEERING AEROSPACE LTD**                                  **DEFENDANT**

---

### GALACTIC'S ANSWER AND AFFIRMATIVE DEFENSES
### TO DEFENDANT'S COUNTERCLAIM

---

Plaintiff, Galactic Holdings LLC, by and through counsel, Rose Law Firm, a Professional Association, for its Answer and Affirmative Defenses to Defendant ST Engineering Aerospace Ltd.'s Counterclaim (Dkt. 4) (the "Counterclaim"), states as follows:

### ANSWER

1.      Galactic Holdings LLC ("Galactic") admits that ST Engineering Aerospace Ltd. ("STEA") filed a counterclaim in this action but denies all other allegations in Paragraph 1 of the Counterclaim.

2.      Galactic admits the allegations contained in Paragraph 2 of the Counterclaim.

3.      Galactic admits the allegations contained in Paragraph 3 of the Counterclaim.

4.      Galactic admits that this Court has subject matter jurisdiction over this matter.

5.      Galactic admits the allegations contained in Paragraph 5 of the Counterclaim.

6.      Galactic admits the allegations contained in Paragraph 6 of the Counterclaim.

7.      Galactic lacks sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 7 of the Counterclaim and therefore denies them.

8.    Galactic lacks sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 8 of the Counterclaim and therefore denies them.

9.    Galactic lacks sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 9 of the Counterclaim and therefore denies them.

10.    Galactic admits that it was formed in May 2020. Galactic denies all other allegations contained in Paragraph 10 of the Counterclaim.

11.    Galactic admits the allegations contained in Paragraph 11 of the Counterclaim.

12.    Galactic denies the allegations contained in Paragraph 12 of the Counterclaim.

13.    Galactic admits that it entered a May 2021 agreement with STEA titled "Galactic and ST Engineering's Design, Development and Aircraft Modification Service Agreement for Conversion of Passenger B757-200 to a Fire Fighting Platform" and that a true and correct copy of that agreement is attached to the Counterclaim as Exhibit A (the "Initial Agreement"). Galactic denies all other allegations in Paragraph 13 of the Counterclaim, including those inconsistent with the Initial Agreement.

14.    The allegations in Paragraph 14 of the Counterclaim are conclusions of law that do not require a response. To the extent that a response is nonetheless required, Galactic denies the allegations in Paragraph 14 of the Counterclaim.

15.    Galactic denies the allegations in Paragraph 15 of the Counterclaim as characterizations of a written document, the Initial Agreement, and respectfully refers the Court to the Initial Agreement (attached as Exhibit A to the Counterclaim) for the full content thereof.

16.    Galactic denies the allegations in Paragraph 16 of the Counterclaim as characterizations of a written document, the Initial Agreement, and respectfully refers the Court to the Initial Agreement (attached as Exhibit A to the Counterclaim) for the full content thereof.

17. Galactic denies the allegations in Paragraph 17 of the Counterclaim as characterizations of a written document, the Initial Agreement, and respectfully refers the Court to the Initial Agreement (attached as Exhibit A to the Counterclaim) for the full content thereof.

18. Galactic denies the allegations in Paragraph 18 of the Counterclaim as characterizations of a written document, the Initial Agreement, and respectfully refers the Court to the Initial Agreement (attached as Exhibit A to the Counterclaim) for the full content thereof.

19. Galactic denies the allegations in Paragraph 19 of the Counterclaim as characterizations of a written document, the Initial Agreement, and respectfully refers the Court to the Initial Agreement (attached as Exhibit A to the Counterclaim) for the full content thereof.

20. Galactic denies the allegations contained in Paragraph 20 of the Counterclaim.

21. Galactic denies the allegations in Paragraph 21 of the Counterclaim as characterizations of a written document, the Initial Agreement, and respectfully refers the Court to the Initial Agreement (attached as Exhibit A to the Counterclaim) for the full content thereof.

22. Galactic denies the allegations in Paragraph 22 of the Counterclaim as characterizations of a written document, the Initial Agreement, and respectfully refers the Court to the Initial Agreement (attached as Exhibit A to the Counterclaim) for the full content thereof.

23. Galactic denies the allegations in Paragraph 23 of the Counterclaim as characterizations of a written document, the Initial Agreement, and respectfully refers the Court to the Initial Agreement (attached as Exhibit A to the Counterclaim) for the full content thereof.

24. Galactic denies the allegations in Paragraph 24 of the Counterclaim as characterizations of a written document, the Initial Agreement, and respectfully refers the Court to the Initial Agreement (attached as Exhibit A to the Counterclaim) for the full content thereof.

25.     Galactic denies the allegations in Paragraph 25 of the Counterclaim as characterizations of a written document, the Initial Agreement, and respectfully refers the Court to the Initial Agreement (attached as Exhibit A to the Counterclaim) for the full content thereof.

26.     Galactic denies the allegations in Paragraph 26 of the Counterclaim as characterizations of a written document, the Initial Agreement, and respectfully refers the Court to the Initial Agreement (attached as Exhibit A to the Counterclaim) for the full content thereof.

27.     Galactic denies the allegations in Paragraph 27 of the Counterclaim as characterizations of a written document, the Initial Agreement, and respectfully refers the Court to the Initial Agreement (attached as Exhibit A to the Counterclaim) for the full content thereof.

28.     Galactic admits that it began work on the 757 P2T Project in May of 2021, but Galactic lacks sufficient information to form a belief about the truth or falsity of the remaining allegations in Paragraph 28 of the Counterclaim and therefore denies them.

29.     Galactic denies the allegations in Paragraph 29 of the Counterclaim as characterizations of a written document, the Initial Agreement, and respectfully refers the Court to the Initial Agreement (attached as Exhibit A to the Counterclaim) for the full content thereof.

30.     Galactic lacks sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 30 of the Counterclaim and therefore denies them.

31.     Galactic lacks sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 31 of the Counterclaim and therefore denies them.

32.     Galactic admits that it eventually entered Variation Agreement No. 1 with STEA but denies all other allegations in Paragraph 32 of the Counterclaim, including those which attempt to characterize the terms of a written document.

33.     Galactic denies the allegations contained in Paragraph 33 of the Counterclaim.

34.     The allegations in Paragraph 34 of the Counterclaim are conclusions of law that do not require a response. To the extent that a response is nonetheless required, Galactic denies the allegations in Paragraph 34 of the Counterclaim.

35.     The allegations in Paragraph 35 of the Counterclaim are conclusions of law that do not require a response. To the extent that a response is nonetheless required, Galactic denies the allegations in Paragraph 35 of the Counterclaim.

36.     Galactic lacks sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 36 of the Counterclaim and therefore denies them.

37.     Galactic denies the allegations in Paragraph 37 of the Counterclaim as characterizations of a written document, the Initial Agreement, and respectfully refers the Court to the Initial Agreement (attached as Exhibit A to the Counterclaim) for the full content thereof.

38.     Galactic lacks sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 38 of the Counterclaim and therefore denies them.

39.     Galactic lacks sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 39 of the Counterclaim and therefore denies them.

40.     Galactic lacks sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 40 of the Counterclaim and therefore denies them.

41.     Galactic lacks sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 41 of the Counterclaim and therefore denies them.

42.     Galactic lacks sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 42 of the Counterclaim and therefore denies them.

43.     Galactic lacks sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 43 of the Counterclaim and therefore denies them.

44.     Galactic admits the allegations contained in Paragraph 44 of the Counterclaim.

45.     Galactic denies the allegations in Paragraph 45 of the Counterclaim as characterizations of a written document, the Initial Agreement, and respectfully refers the Court to the Initial Agreement (attached as Exhibit A to the Counterclaim) for the full content thereof.

46.     Galactic lacks sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 46 of the Counterclaim and therefore denies them.

47.     Galactic admits that the Parties executed Variation Agreement No. 1 dated May 18, 2022, (the "Modification Agreement) and that a true and correct copy of the Modification Agreement is attached to the Counterclaim as Exhibit B. Galactic denies all other allegations in Paragraph 47 of the Counterclaim.

48.     Galactic denies the allegations in Paragraph 48 of the Counterclaim as characterizations of a written document, the Modification Agreement, and respectfully refers the Court to the Modification Agreement (attached as Exhibit B to the Counterclaim) for the full content thereof.

49.     Galactic denies the allegations in Paragraph 49 of the Counterclaim as characterizations of a written document, the Modification Agreement, and respectfully refers the Court to the Modification Agreement (attached as Exhibit B to the Counterclaim) for the full content thereof.

50.     Galactic denies the allegations in Paragraph 50 of the Counterclaim as characterizations of a written document, the Modification Agreement, and respectfully refers the Court to the Modification Agreement (attached as Exhibit B to the Counterclaim) for the full content thereof.

51.     Galactic denies the allegations in Paragraph 51 of the Counterclaim as characterizations of a written document, the Modification Agreement, and respectfully refers the Court to the Modification Agreement (attached as Exhibit B to the Counterclaim) for the full content thereof.

52.     Galactic denies the allegations in Paragraph 52 of the Counterclaim as characterizations of a written document, the Modification Agreement, and respectfully refers the Court to the Modification Agreement (attached as Exhibit B to the Counterclaim) for the full content thereof.

53.     Galactic denies the allegations in Paragraph 53 of the Counterclaim as characterizations of a written document, the Modification Agreement, and respectfully refers the Court to the Modification Agreement (attached as Exhibit B to the Counterclaim) for the full content thereof.

54.     Galactic denies the allegations in Paragraph 54 of the Counterclaim as characterizations of a written document, the Modification Agreement, and respectfully refers the Court to the Modification Agreement (attached as Exhibit B to the Counterclaim) for the full content thereof.

55.     Galactic denies the allegations in Paragraph 55 of the Counterclaim as characterizations of a written document, the Modification Agreement, and respectfully refers the Court to the Modification Agreement (attached as Exhibit B to the Counterclaim) for the full content thereof.

56.     Galactic denies the allegations in Paragraph 56 of the Counterclaim as characterizations of a written document, the Modification Agreement, and respectfully refers the

Court to the Modification Agreement (attached as Exhibit B to the Counterclaim) for the full content thereof.

57.    Galactic denies the allegations in Paragraph 57 of the Counterclaim as characterizations of a written document, the Modification Agreement, and respectfully refers the Court to the Modification Agreement (attached as Exhibit B to the Counterclaim) for the full content thereof.

58.    Galactic denies the allegations in Paragraph 58 of the Counterclaim as characterizations of a written document, the Modification Agreement, and respectfully refers the Court to the Modification Agreement (attached as Exhibit B to the Counterclaim) for the full content thereof.

59.    Galactic denies the allegations in Paragraph 59 of the Counterclaim as characterizations of a written document, the Modification Agreement, and respectfully refers the Court to the Modification Agreement (attached as Exhibit B to the Counterclaim) for the full content thereof.

60.    Galactic admits that it agreed to the Modification Agreement. Galactic denies all other allegations in Paragraph 60 of the Counterclaim.

61.    Galactic lacks sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 61 of the Counterclaim and therefore denies them.

62.    Galactic denies the allegations contained in Paragraph 62 of the Counterclaim.

63.    Galactic denies the allegations contained in Paragraph 63 of the Counterclaim.

64.    Galactic denies the allegations contained in Paragraph 64 of the Counterclaim.

65.    Galactic denies the allegations contained in Paragraph 65 of the Counterclaim.

66.    Galactic denies the allegations contained in Paragraph 66 of the Counterclaim.

67.     Galactic lacks sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 67 of the Counterclaim and therefore denies them.

68.     Galactic purchased the first and only suitable candidate aircraft meeting the requirements that STEA provided. Galactic denies all remaining allegations contained in Paragraph 68 of the Counterclaim.

69.     Galactic denies the allegations contained in Paragraph 69 of the Counterclaim.

70.     Galactic lacks sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 70 of the Counterclaim and therefore denies them.

71.     Galactic admits that it never took possession of MSN 26647 or made it available to STEA for the Pre-Design Survey. Galactic denies all other allegations in Paragraph 71 of the Counterclaim.

72.     Galactic admits that it had not delivered MSN 26647 to STEA by July 2022. Galactic lacks sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 72 of the Counterclaim and therefore denies them.

73.     Galactic lacks sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 73 of the Counterclaim and therefore denies them.

74.     Galactic admits that it purchased MSN 28167, informed STEA of the same, and informed STEA that it would be the candidate aircraft for the 757 P2T Project. Galactic lacks sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 74 of the Counterclaim and therefore denies them.

75.     Galactic denies the allegations in Paragraph 75 of the Counterclaim as characterizations of written documents, the Initial Agreement and Modification Agreement, and

respectfully refers the Court to the Initial Agreement and Modification Agreement (attached as Exhibits A and B to the Counterclaim) for the full contents thereof.

76.     Galactic denies the allegations contained in Paragraph 76 of the Counterclaim.

77.     Galactic admits that, like all other aircraft not in active service, MSN 28167 had to be "returned to service", and STEA is very familiar with that process. Galactic denies all other allegations contained in Paragraph 77 of the Counterclaim.

78.     Galactic admits the allegations contained in Paragraph 78 of the Counterclaim, as, after all, AerSale was the only company that could provide the return to service given MSN 28167's storage location.

79.     Galactic lacks sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 79 of the Counterclaim and therefore denies them.

80.     Galactic lacks sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 80 of the Counterclaim and therefore denies them.

81.     Galactic admits the allegations contained in Paragraph 81 of the Counterclaim, as, after all, STEA would not support Pre Mod testing at its facilities.

82.     Galactic denies the allegations contained in Paragraph 82 of the Counterclaim.

83.     Galactic lacks sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 83 of the Counterclaim and therefore denies them.

84.     Galactic admits that STEA repeatedly discussed delays and costs for everyone involved. Galactic lacks sufficient information to form a belief about the truth or falsity of the remaining allegations in Paragraph 84 of the Counterclaim and therefore denies them.

85.    Galactic admits that it engaged in preliminary talks with STEA regarding a possible second modification to the Initial Agreement in January 2023. Galactic denies all other allegations in Paragraph 85 of the Counterclaim.

86.    Galactic admits that it tried to work with STEA in good faith to move the project along. Galactic denies all other allegations contained in Paragraph 86 of the Counterclaim.

87.    Galactic admits that it tried to work with STEA in good faith to move the project along. Galactic denies all other allegations contained in Paragraph 87 of the Counterclaim.

88.    Galactic lacks sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 88 of the Counterclaim and therefore denies them.

89.    Galactic lacks sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 89 of the Counterclaim and therefore denies them.

90.    Galactic denies the allegations contained in Paragraph 90 of the Counterclaim.

91.    Galactic denies the allegations contained in Paragraph 91 of the Counterclaim.

92.    Galactic admits that STEA presented design work to Galactic in September 2023. Galactic denies all other allegations contained in Paragraph 92 of the Counterclaim.

93.    Galactic admits the allegations contained in Paragraph 93 of the Counterclaim.

94.    Galactic admits that MSN 28167 was damaged by a hailstorm in Roswell, New Mexico. Galactic denies all other allegations contained in Paragraph 94 of the Counterclaim, especially given that large aircraft typically go in a hangar only during active maintenance.

95.    Galactic lacks sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 95 of the Counterclaim and therefore denies them.

96.    Galactic denies the allegations in Paragraph 96 of the Counterclaim as characterizations of a written document, the Modification Agreement, and respectfully refers the

Court to the Modification Agreement (attached as Exhibit B to the Counterclaim) for the full content thereof.

97.    Galactic denies the allegations contained in Paragraph 97 of the Counterclaim.

98.    Galactic lacks sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 98 of the Counterclaim and therefore denies them.

99.    Galactic lacks sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 99 of the Counterclaim and therefore denies them.

100.    Galactic lacks sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 100 of the Counterclaim and therefore denies them.

101.    Galactic denies the allegations contained in Paragraph 101 of the Counterclaim.

102.    Galactic lacks sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 102 of the Counterclaim and therefore denies them.

103.    Galactic lacks sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 103 of the Counterclaim and therefore denies them.

104.    Galactic lacks sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 104 of the Counterclaim and therefore denies them.

105.    Galactic lacks sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 105 of the Counterclaim and therefore denies them.

106.    Galactic lacks sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 106 of the Counterclaim and therefore denies them.

107.    Galactic denies the allegations contained in Paragraph 107 of the Counterclaim.

108.    Galactic denies the allegations contained in Paragraph 108 of the Counterclaim.

109.    Galactic admits that when it turned over MSN 28167 to STEA in July 2023, the aircraft was incapable of flight, as, after all, any aircraft would have to go undergo a major inspection before the FAA issues an experimental airworthiness certificate. Galactic denies all other allegations in Paragraph 96 of the Counterclaim, including those which constitute characterizations of a written document, the Modification Agreement, and respectfully refers the Court to the Modification Agreement (attached as Exhibit B to the Counterclaim) for the full content thereof.

110.    Galactic lacks sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 110 of the Counterclaim and therefore denies them.

111.    Galactic lacks sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 111 of the Counterclaim and therefore denies them.

112.    Galactic lacks sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 112 of the Counterclaim and therefore denies them.

113.    Galactic denies the allegations contained in Paragraph 113 of the Counterclaim.

114.    Galactic denies the allegations contained in Paragraph 114 of the Counterclaim.

115.    Galactic lacks sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 115 of the Counterclaim and therefore denies them.

116.    Galactic admits that STEA sent a proposal to Galactic for consideration and feedback while MSN 28167 was undergoing repairs. Galactic denies all other allegations contained in Paragraph 116 of the Counterclaim.

117.    Galactic admits that it informed STEA that Galactic would need to discuss STEA's proposal internally. Galactic denies all other allegations contained in Paragraph 117 of the Counterclaim.

118.    Galactic denies the allegations contained in Paragraph 118 of the Counterclaim.

119.    Galactic lacks sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 119 of the Counterclaim and therefore denies them.

120.    Galactic lacks sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 120 of the Counterclaim and therefore denies them.

121.    Galactic lacks sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 121 of the Counterclaim and therefore denies them.

122.    Galactic lacks sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 122 of the Counterclaim and therefore denies them.

123.    Galactic lacks sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 123 of the Counterclaim and therefore denies them.

124.    Galactic lacks sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 124 of the Counterclaim and therefore denies them.

125.    Galactic lacks sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 125 of the Counterclaim and therefore denies them.

126.    Galactic lacks sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 126 of the Counterclaim and therefore denies them.

127.    Galactic admits that STEA sent a revised proposal to Galactic in April 2024. Galactic denies all other allegations in Paragraph 127 of the Counterclaim.

128.    Galactic admits that at all times relevant it remained committed to working with STEA in good faith. Galactic denies all other allegations in Paragraph 128 of the Counterclaim.

129.    Galactic lacks sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 115 of the Counterclaim and therefore denies them.

130.     Galactic lacks sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 130 of the Counterclaim and therefore denies them.

131.     Galactic lacks sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 131 of the Counterclaim and therefore denies them.

132.     Galactic admits that it agreed to relocate MSN 28167 to SAA's facility in San Antonio, Texas, which is what should have happened in the first place if not for STEA. Galactic lacks sufficient information to form a belief about the truth or falsity of the remaining allegations in Paragraph 132 of the Counterclaim and therefore denies them.

133.     Galactic admits that it entered a contract with SAA. Galactic denies all other allegations contained in Paragraph 133 of the Counterclaim.

134.     Galactic lacks sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 134 of the Counterclaim and therefore denies them.

135.     Galactic lacks sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 135 of the Counterclaim and therefore denies them.

136.     Galactic admits that STEA raised concerns regarding the referenced "Engine #2" in June 2024. Galactic lacks sufficient information to form a belief about the truth or falsity of the remaining allegations in Paragraph 136 of the Counterclaim and therefore denies them.

137.     Galactic lacks sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 137 of the Counterclaim and therefore denies them.

138.     Galactic admits that on June 30, 2024, STEA informed Galactic that Engine #2 needed to be replaced. Galactic lacks sufficient information to form a belief about the truth or falsity of the remaining allegations in Paragraph 138 of the Counterclaim and therefore denies them.

139.    Galactic admits it required roughly a month to find and install a replacement for the referenced Engine #2. Galactic lacks sufficient information to form a belief about the truth or falsity of the remaining allegations in Paragraph 139 of the Counterclaim and therefore denies them.

140.    Galactic lacks sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 140 of the Counterclaim and therefore denies them.

141.    Galactic lacks sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 141 of the Counterclaim and therefore denies them.

142.    Galactic lacks sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 142 of the Counterclaim and therefore denies them.

143.    Galactic admits that at all times relevant it remained committed to working with STEA in good faith. Galactic denies all other allegations in Paragraph 143 of the Counterclaim.

144.    Galactic admits that STEA reached out to Galactic in August 2024 about the future of the parties' business relationship. Galactic denies all other allegations in Paragraph 144 of the Counterclaim.

145.    Galactic admits that the parties held an in-person meeting in Little Rock, Arkansas and members of Galactic's leadership team were present. Galactic denies all other allegations in Paragraph 145 of the Counterclaim.

146.    Galactic admits that during the in-person meeting, it raised concerns with STEA's proposals. Galactic denies all other allegations in Paragraph 146 of the Counterclaim.

147.    Galactic denies the allegations contained in Paragraph 147 of the Counterclaim.

148.    Galactic denies the allegations contained in Paragraph 148 of the Counterclaim.

149.    Galactic admits that at all times relevant it remained committed to working with STEA in good faith. Galactic denies all other allegations in Paragraph 149 of the Counterclaim.

150.    Galactic lacks sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 150 of the Counterclaim and therefore denies them.

151.    Galactic lacks sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 151 of the Counterclaim and therefore denies them.

152.    Galactic lacks sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 152 of the Counterclaim and therefore denies them.

153.    Galactic lacks sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 153 of the Counterclaim and therefore denies them.

154.    Galactic lacks sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 154 of the Counterclaim and therefore denies them.

155.    Galactic denies the allegations contained in Paragraph 155 of the Counterclaim.

156.    Galactic admits that it wanted to relocate MSN 28167 to Arkansas for the remainder of Pre-Mod Tests and the modification, especially given the lack of trust STEA occasioned. Galactic lacks sufficient information to form a belief about the truth or falsity of the remaining allegations in Paragraph 156 of the Counterclaim and therefore denies them.

157.    Galactic admits that neither SAA nor STEA objected to Galactic's decision to relocate MSN 28167 to Arkansas. Galactic lacks sufficient information to form a belief about the truth or falsity of the remaining allegations in Paragraph 157 of the Counterclaim and therefore denies them.

158.    Galactic lacks sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 158 of the Counterclaim and therefore denies them.

159.    Galactic admits that the FAA launched an investigation because SAA refused to cooperate with a federal agency. Galactic lacks sufficient information to form a belief about the truth or falsity of the remaining allegations in Paragraph 159 of the Counterclaim and therefore denies them.

160.    Galactic admits the allegations contained in Paragraph 160 of the Counterclaim.

161.    Galactic admits that it informed STEA that Galactic's investors were becoming increasingly concerned about the fate of the project because of STEA. Galactic denies all remaining allegations in Paragraph 161 of the Counterclaim.

162.    Galactic admits that it was eventually able to relocate MSN 28167 to Arkansas. Galactic lacks sufficient information to form a belief about the truth or falsity of the remaining allegations in Paragraph 162 of the Counterclaim and therefore denies them.

163.    Galactic lacks sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 163 of the Counterclaim and therefore denies them.

164.    Galactic lacks sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 164 of the Counterclaim and therefore denies them.

165.    Galactic admits the allegations contained in Paragraph 165 of the Counterclaim.

166.    Galactic admits that at all times relevant it remained committed to working with STEA in good faith, including by trying to address STEA's concerns on or about October 30, 2024. Galactic denies all other allegations in Paragraph 166 of the Counterclaim.

167.    Galactic admits that STEA issued a "Notice of Work Stoppage" on November 6, 2024. Galactic denies all other allegations in Paragraph 167 of the Counterclaim.

168.    Galactic denies the allegations in Paragraph 168 of the Counterclaim as characterizations of a written document, the Notice of Work Stoppage, which speaks for itself.

169.    Galactic admits that at all times relevant it remained committed to working with STEA in good faith, and that, pursuant to such good-faith efforts, Galactic sent STEA a proposal for moving forward roughly a week after STEA sent the Notice of Work Stoppage. Galactic denies all other allegations in Paragraph 169 of the Counterclaim.

170.    Galactic admits that at all times relevant it remained committed to working with STEA in good faith, and that, pursuant to such good-faith efforts, Galactic sent STEA a proposal for moving forward roughly a week after STEA sent the Notice of Work Stoppage. Galactic denies all other allegations in Paragraph 170 of the Counterclaim.

171.    Galactic admits that at all times relevant it remained committed to working with STEA in good faith, and that, pursuant to such good-faith efforts, Galactic continued to try and work out a mutually agreeable proposal for moving the parties' relationship forward from roughly November 2024 to March 2025. Galactic denies all other allegations in Paragraph 171 of the Counterclaim.

172.    Galactic admits that it brought suit against STEA, and, in that lawsuit, asserted claims for breach of contract and trade secret misappropriation. Galactic denies all other allegations in Paragraph 172 of the Counterclaim.

173.    Galactic admits that STEA filed a counterclaim. Galactic denies all remaining allegations in Paragraph 173 and further denies that STEA is entitled to any relief.

174.    Galactic restates and incorporates by reference all of the foregoing paragraphs of this Answer and Affirmative Defenses to the Counterclaim as if fully set forth herein.

175.    Galactic admits that the Initial Agreement, as amended by the Modification Agreement, is a valid, legally binding contract between STEA and Galactic. Galactic denies all other allegations contained in Paragraph 175 of the Counterclaim.

176.    The allegations in Paragraph 176 of the Counterclaim are conclusions of law that do not require a response. To the extent that a response is nonetheless required, Galactic denies the allegations in Paragraph 176 of the Counterclaim.

177.    The allegations in Paragraph 177 of the Counterclaim are conclusions of law that do not require a response. To the extent that a response is nonetheless required, Galactic denies the allegations in Paragraph 177 of the Counterclaim.

178.    The allegations in Paragraph 178 of the Counterclaim are conclusions of law that do not require a response. To the extent that a response is nonetheless required, Galactic denies the allegations in Paragraph 178 of the Counterclaim.

179.    Galactic restates and incorporates by reference all of the foregoing paragraphs of this Answer and Affirmative Defenses to the Counterclaim as if fully set forth herein.

180.    Galactic admits that STEA purported to provide Galactic "engineering, logistical, procurement, and other services worth multiple millions of dollars" but denies all other allegations contained in Paragraph 180 of the Counterclaim.

181.    The allegations in Paragraph 181 of the Counterclaim are conclusions of law that do not require a response. To the extent that a response is nonetheless required, Galactic denies the allegations in Paragraph 181 of the Counterclaim.

182.    Galactic admits that at all times relevant it remained committed to working with STEA in good faith. Galactic denies all other allegations in Paragraph 182 of the Counterclaim.

183.    Galactic denies the allegations contained in Paragraph 183 of the Counterclaim.

184.    Galactic admits that STEA purported to expend "millions of dollars procuring services on Galactic's behalf" but denies all other allegations in Paragraph 184 of the Counterclaim.

185.    The allegations in Paragraph 185 of the Counterclaim are conclusions of law that do not require a response. To the extent that a response is nonetheless required, Galactic denies the allegations in Paragraph 185 of the Counterclaim.

186.    Galactic restates and incorporates by reference all of the foregoing paragraphs of this Answer and Affirmative Defenses to the Counterclaim as if fully set forth herein.

187.    The allegations in Paragraph 187 of the Counterclaim are conclusions of law that do not require a response. To the extent that a response is nonetheless required, Galactic denies the allegations in Paragraph 187 of the Counterclaim.

188.    Galactic lacks sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 188 of the Counterclaim and therefore denies them.

189.    Galactic denies the allegations contained in Paragraph 189 of the Counterclaim, especially since Galactic was not even given a list of STEA's subcontractors.

190.    The allegations in Paragraph 190 of the Counterclaim are conclusions of law that do not require a response. To the extent that a response is nonetheless required, Galactic denies the allegations in Paragraph 190 of the Counterclaim.

191.    The allegations in Paragraph 191 of the Counterclaim are conclusions of law that do not require a response. To the extent that a response is nonetheless required, Galactic denies the allegations in Paragraph 191 of the Counterclaim.

192.    Galactic admits that at all times relevant it remained committed to working with STEA in good faith. Galactic denies all other allegations in Paragraph 192 of the Counterclaim.

193.    The allegations in Paragraph 193 of the Counterclaim are conclusions of law that do not require a response. To the extent that a response is nonetheless required, Galactic denies the allegations in Paragraph 193 of the Counterclaim.

194.    The allegations in Paragraph 194 of the Counterclaim are conclusions of law that do not require a response. To the extent that a response is nonetheless required, Galactic denies the allegations in Paragraph 194 of the Counterclaim.

195.    The allegations in Paragraph 195 of the Counterclaim are conclusions of law that do not require a response. To the extent that a response is nonetheless required, Galactic denies the allegations in Paragraph 195 of the Counterclaim.

196.    The allegations in Paragraph 196 of the Counterclaim are conclusions of law that do not require a response. To the extent that a response is nonetheless required, Galactic denies the allegations in Paragraph 196 of the Counterclaim.

197.    Galactic admits that STEA demanded a jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

198.    Galactic denies that STEA is entitled to the relief requested in its PRAYER FOR RELIEF, or, for that matter, any relief whatsoever.

## AFFIRMATIVE DEFENSES

Without conceding that it bears the burden of proof or persuasion on any of the following defenses, Galactic asserts the following Affirmative Defenses to STEA's Counterclaim pursuant to Rule 8(c) of the Federal Rules of Civil Procedure.

### FIRST AFFIRMATIVE DEFENSE

STEA has failed to state a claim, in whole or in part, upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

STEA's claims are barred, in whole or in part, because, at all times relevant to STEA's Counterclaim, Galactic acted in good faith.

### THIRD AFFIRMATIVE DEFENSE

STEA's claims are barred, in whole or in part, by the doctrines of accord and satisfaction, estoppel, waiver, laches, payment, acquiescence, consent, and/or ratification.

### FOURTH AFFIRMATIVE DEFENSE

STEA's claims are barred, in whole or in part, by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

STEA's claims are barred, in whole or in part, because any losses STEA claims to have suffered were not the proximate result of and/or caused by any act and/or failure and/or omission to act attributable to Galactic.

### SIXTH AFFIRMATIVE DEFENSE

STEA's claims are barred, in whole or in part, as a result of STEA's prior breaches of the parties' Initial Agreement as amended by the Modification Agreement.

### SEVENTH AFFIRMATIVE DEFENSE

STEA's claims are barred, in whole or in part, by STEA's failure to mitigate its claimed damages.

### EIGHTH AFFIRMATIVE DEFENSE

STEA's claims to costs or attorneys' fees are barred, in whole or in part, by applicable law or are otherwise unwarranted.

### NINTH AFFIRMATIVE DEFENSE

Galactic reserves the right to assert any additional defense(s) based upon information obtained throughout the course of this litigation.

WHEREFORE, Galactic denies all liability to STEA and respectfully requests that this Court (i) enter judgment in Galactic's favor and against STEA, (ii) award Galactic its costs and expenses, including attorneys' fees pursuant to Ark. Code Ann. § 16-22-308, and (iii) award Galactic all other relief which this Court deems just and proper.

Respectfully submitted,

Rose Law Firm,
a Professional Association
120 East Fourth Street
Little Rock, Arkansas 72201
Telephone: (501) 375-9131

Byron J. Walker (AR Bar No. 2002114)
bwalker@roselawfirm.com

Rose Law Firm,
a Professional Association
809 S. 52nd St., Ste. A
Rogers, Arkansas 72758
Telephone: (479) 301-2444

Adam L. Hopkins (AR Bar No. 2006282)
ahopkins@roselawfirm.com

Tyler D. Mlakar (AR Bar No. 2022150)
tmlakar@roselawfirm.com

*Attorneys for Plaintiff Galactic Holdings LLC*

## <u>CERTIFICATE OF SERVICE</u>

I, Byron J. Walker, hereby certify that on this 16th day of September 2025, a copy of the foregoing was filed in the Court's electronic filing system, which shall send notification to all counsel of record.

B.J. Walker _____
B.J. Walker